IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK EDWARD MOON,** | : | **No. 1:23-cv-00020** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **WARDEN OF PASCO COUNTY** | : | |
| **JAIL, <u>et al.</u>,** | : | |
| **Respondents.** | : | |

## <u>MEMORANDUM</u>

Pending before the Court is pro se Petitioner Mark Edward Moon

("Moon")'s petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the

reasons set forth below, the Court will dismiss the petition with prejudice as moot.

## I.     BACKGROUND

According to the Unified Judicial System of Pennsylvania Web Portal, Moon

pleaded guilty to two (2) counts of disorderly conduct – creating a hazardous or

physically offensive condition by any act serving no legitimate purpose (18 Pa.

C.S. § 5503(a)(4)), in the Court of Common Pleas of Wyoming County on

November 15, 2021.  <u>See</u> Docket, <u>Commonwealth v. Moon</u>, No. CP-66-CR-

0000146-2021 (Wyoming Cnty. Ct. Com. Pl.), <u>available at</u>:

https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-66-CR-

0000146-2021&dnh=1m%2BrW660VlyXPpsMa%2Bqbjw%3D%3D (last visited

June 10, 2024) ("State Ct. Dkt.").  On December 20, 2021, the trial court held a

sentencing hearing, during which Moon was sentenced to a period of incarceration

for a minimum of six (6) months to a maximum of twelve (12) months on one

count of disorderly conduct, to be followed by a consecutive period of ninety (90)

days' incarceration on the second count of disorderly conduct.  See id.  Moon,

apparently proceeding pro se after his counsel had withdrawn their appearance,

timely filed a notice of appeal to the Pennsylvania Superior Court on January 10,

2022.  See id.  The Superior Court dismissed the appeal on September 26, 2022,

because of Moon's failure to file an appellate brief.  See id.; Docket,

Commonwealth v. Moon, No. 109 MDA 2022 (Pa. Super.), available at:

https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=109%20MD

A%202022&dnh=bO28mgITP6P4N%2B7zjTWLYg%3D%3D (last visited June

10, 2024).

On or about December 19, 2022, Moon commenced the instant action by

filing an unsigned application for leave to proceed in forma pauperis and a petition

for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District

Court for the Eastern District of Pennsylvania.[1]  (Docs. 1, 2.)  The Eastern District

transferred the case to this Court on January 5, 2023.  (Doc. 4.)

---

[1]  The federal "prisoner mailbox rule" provides that a pro se prisoner's petition is
deemed filed "at the time petitioner delivered it to the prison authorities for
forwarding to the court clerk."  Houston v. Lack, 487 U.S. 266, 275 (1988).  Here,
although Moon did not indicate when he provided his habeas petition to prison
officials for mailing to the Clerk of Court, the envelope containing the petition is

Because Moon failed to sign his in forma pauperis application, an Administrative Order was entered on January 6, 2023, requiring him to either return a signed in forma pauperis application or remit the filing fee within thirty (30) days or risk dismissal of this action.  (Doc. 7.)  A similar Administrative Order was entered on January 20, 2023, after the envelope containing the January 6, 2023 Administrative Order was returned to the Clerk of Court as undeliverable.  (Docs. 8, 11.)  On the same date, Moon filed what appeared to be a supplement to his habeas petition.  (Doc. 9.)

Moon complied with the Administrative Orders by filing a certified prisoner trust fund account statement and certified application for leave to proceed in forma pauperis ("IFP Application"), which the Clerk of Court docketed on February 2, 2023, and February 28, 2023, respectively.  (Docs. 13, 15.)  Moon followed these submissions by filing a "Motion/Request to Subpoena of [sic] Evidence (or) Request for Production of Evidence," which the Clerk of Court docketed on March 2, 2023 (Doc. 16), and then a request for default judgment, which the Clerk of Court docketed on March 21, 2023 (Doc. 17.)

The Court, recognizing that Moon did not use the current standard form for section 2254 habeas petitions when completing his petition, entered an

---

postmarked December 19, 2022.  (Doc. 1 at 18.)  As such, this Court uses December 19, 2022, as the petition's filing date.

Administrative Order on April 25, 2023, providing him with notice of the

limitations on filing future section 2254 habeas petitions.  (Doc. 20 at 1–3.)  In

addition, the Court directed him to complete and return, within forty-five (45)

days, a notice of election form indicating whether he wanted to withdraw his

current petition or have the petition construed, and ruled on, under section 2254.

(Id. at 4.)  The Court further granted the IFP Application (Doc. 15) and denied

without prejudice Moon's discovery motion (Doc. 16).

Instead of responding to this Administrative Order, Moon filed a motion for

appointment of counsel, which the Clerk of Court docketed on May 22, 2023.

(Doc. 23.)  On September 12, 2023, the Court entered an Order denying this

motion without prejudice to Moon refiling it after he completed and returned the

notice of election form.[2]  (Doc. 25.)  The Court also directed the Clerk of Court to

send Moon another copy of the Court's April 25, 2023 Administrative Order and

the notice of election form.  (Id.)

Moon had not yet returned the notice of election form by early January

2024.  The Court then entered an Order on January 9, 2024, which, inter alia,

substituted the Respondent in this matter because it appeared that Moon was

---

[2] The state court docket reflects that Moon filed a petition under Pennsylvania's Post
Conviction Relief Act, 42 Pa. C.S. §§ 9541–46, on or about June 1, 2023.  See State
Ct. Dkt.  It appears that the government filed a motion to dismiss the PCRA petition
on September 21, 2023, which the PCRA Court granted on September 22, 2023.  See
id.  The docket does not reflect that Moon appealed from this dismissal.  See id.

incarcerated at the Pasco County Jail in Land O'Lakes, Florida.  (Doc. 26.)  The

Court also indicated that because Moon had not returned the notice of election

form, the Court would rule on his current section 2254 petition as filed.  (Id.)  The

Court further directed Respondents to file a response to the petition within twenty

(20) days.  (Id.)

The envelope containing the Court's January 9, 2024 Order, which was sent

to Moon, was returned to the Clerk of Court as undeliverable on January 29, 2024.

(Doc. 27.)  The envelope contained a stamp stating, "RETURNED TO SENDER

NOT IN CUSTODY."  (Id.)  After considering this returned envelope, the Court

entered an Order on February 6, 2024, directing Moon to show cause, within

fourteen days (14), why the Court should not dismiss this action as moot because it

appeared that he was no longer incarcerated.[3]  (Doc. 28.)  To date, Moon has not

responded to this Order.

## II.   DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power'

to the adjudication of 'Cases' or 'Controversies.'"  Abreu v. Superintendent

Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp.

of Readington, 555 F.3d 131, 137 (3d Cir. 2009)).  "For a case or controversy to

---

[3]  In Moon's habeas petition, he admits he was released from Wyoming County in
June 2022.  (See Doc. 1 at 4 ("THE [sic] Commonwealth of Wyoming County
released me in June 2022.")).

exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or

be threatened with, an actual injury traceable to the [respondent] and likely to be

redressed by a favorable judicial decision.'" Id. (quoting DeFoy v. McCullough,

393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition

generally becomes moot when a prisoner is released from custody because the

petitioner has received the relief sought."  Id. (citing DeFoy, 393 F.3d at 441); see

also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that

mootness is "a doctrine that 'ensures that the litigant's interest in the outcome

continues to exist throughout the life of the lawsuit,' and which is 'concerned with

the court's ability to grant effective relief'" (quoting Freedom from Religion

Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016

and Cnty. of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain

judicial review of a [habeas] petition by showing that [they] continue[] to suffer

from secondary or collateral consequences of [their] conviction." Abreu, 971 F.3d

at 406 (citations omitted).  Generally speaking, "collateral consequences will be

presumed when the [petitioner] is attacking [their] conviction while still serving

the sentence imposed for that conviction [and] . . . where the[y are] attacking that

portion of [their] sentence that is still being served."  Id. (citing United States v.

Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  Once a petitioner has been released,

however, the Court does "not presume that a conviction carries collateral consequences." Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead, the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a favorable decision would redress the injury or wrong.'" Id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" Id. (quoting Burkey, 556 F.3d at 148).

In this case, it does not appear that Moon is currently incarcerated.  As such, the instant petition is generally moot due to Moon's release from incarceration.  Although Moon could still have obtained judicial review of his Wyoming County sentence if he showed that he continued to suffer from secondary or collateral consequences of his conviction, he has failed to make such a showing insofar as he has not responded to this Court's February 6, 2024 Order.  Therefore, Moon's section 2254 petition will be dismissed with prejudice as moot.

## III.   CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss with prejudice Moon's section 2254 petition as moot.  The Court also declines to issue a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)

(setting forth grounds for granting certificate of appealability under 28 U.S.C. §

2253(c)(2)).  An appropriate Order follows.


<u>s/ Sylvia H. Rambo</u>
SYLVIA H. RAMBO
United States District Judge